# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **PRETERM-CLEVELAND, INC.,** | : | **Case No. 1:18-cv-109** |
| **et al.,** | : | |
| | : | **Judge Timothy S. Black** |
| **Plaintiffs,** | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| **vs.** | : | **ATTORNEYS' FEES AND** |
| | : | **EXPENSES AND** |
| **LANCE HIMES, et al.,** | : | **MEMORANDUM IN SUPPORT** |
| | : | |
| **Defendants.** | : | |
| | : | |

## MOTION

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 54.2, and 42 U.S.C. §1988, Plaintiffs move for an award of $72,997.65 for reasonable attorney's fees and $1,000 in expenses for the work done through the date of the preliminary injunction in this case.  This Court entered a preliminary injunction for Plaintiffs prohibiting Defendants from enforcing Ohio House Bill 214 of the 132nd General Assembly ("H.B. 214"), including the laws amended and enacted by H.B. 214—specifically, Ohio Revised Code §§ 2919.10, 2919.101, and 3701.79—until this case is resolved. (Doc. 28). Therefore, Plaintiffs are prevailing parties and as such are entitled to reasonable attorneys' fees and expenses.

Plaintiffs submit this request for work done through March 14, 2018.[1] The amounts sought by Plaintiffs are explained in detail in the memorandum below and in the attached

---

[1] During a conference with the Court on February 16, 2018, Plaintiffs agreed to seek fees only against the State Defendants—and not against the Defendant County Prosecutors—if Plaintiffs were to prevail on their constitutional challenge to the Act, so long as the defendant county prosecutors took no action to defend the constitutionality of the Act. Defendant County Prosecutors' Notice Regarding Defense (Doc. 19); Plaintiffs' Notice in Response to Defendant

declarations and exhibits. Since the case has not been finally resolved and is on appeal, Plaintiffs will supplement their requests for attorneys' fees for the time expended in further litigation, including the appeal, after the appeal is concluded.

## MEMORANDUM IN SUPPORT

### INTRODUCTION

Plaintiffs are prevailing parties in this Section 1983 action challenging Ohio House Bill 214 of the 132nd General Assembly ("H.B. 214"), which bans pre-viability abortions based on a prenatal indication of Down syndrome. *Preterm-Cleveland v. Himes*, No. 1:18-CV-109, 2018 WL 1315019, at *2 (S.D. Ohio Mar. 14, 2018). This case is the second successful challenge in the country to an anomaly-based abortion ban.

Governor John Kasich signed H.B. 214 into law on December 22, 2017, with an effective date of March 22, 2018. On February 15, 2018, Plaintiffs filed a one-count complaint seeking declaratory and injunctive relief against enforcement of H.B. 214, along with a Motion for a Temporary Restraining Order and/or Preliminary Injunction. On March 14, 2018, this Court issued an order preliminarily enjoining H.B. 214 for the pendency of this litigation. On April 11, 2018, the State Defendants filed a notice of interlocutory appeal.

Plaintiffs now seek a total of $73,997.65 for their reasonable costs and attorneys' fees in this action through the grant of the preliminary injunction.[2]  This amount does not include time spent preparing this fee petition. The requested fees are calculated as follows:

---

County Prosecutors' Notice (Doc. 20). Defendant County Prosecutors have thus far taken no action to defend the constitutionality of the Act. Plaintiffs therefore seek fees only from the State Defendants.

[2] Defendants are appealing this Court's ruling to the Sixth Circuit.  This petition seeks attorneys' fees and costs from the period before the initiation of this lawsuit through this Court's March 14, 2018 preliminary injunction. Plaintiffs intend to file a supplemental request for fees incurred

**Fees for Preliminary Injunction Litigation**

| Attorney | Total Hours | Hourly Rate | Total Fee Requested |
|---|---|---|---|
| Flaxman | 14.9 | $600 | $8,940.00 |
| Branch | 17.4 | $500 | $8,700.00 |
| Levenson | 21.3 | $500 | $10,650.00 |
| Kolbi-Molinas | 23.1 | $450 | $10,395.00 |
| Hill | 71.6 | $400 | $28,640.00 |
| Cohen | 22.9 | $400 | $9,160.00 |
| Bonham | 5.1 | $250 | $1,275.00 |
| Hyatt | 10.1 | $235 | $2,373.50 |
| Paralegal | 7.8 | $125 | $975.00 |
| *Subtotal* | | | *$81,108.50* |
| *10% reduction* | | | *-$8,110.85* |
| **Fee Request** | | | *$72,997.65* |

**Costs for Preliminary Injunction Litigation**
Gerhardstein & Branch:                    $1,000

**TOTAL PRELIMINARY INJUNCTION FEES AND COSTS          $73,997.65**


**ARGUMENT**

**I.     PLAINTIFFS ARE PREVAILING PARTIES AND ARE, THEREFORE, ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.**

Under Sixth Circuit precedent, Plaintiffs are prevailing parties and therefore entitled to a

fully compensatory fee award under Section 1988. 42 U.S.C. § 1988(b) ("In any action . . . to

enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing

party, other than the United States, a reasonable attorney's fee as part of the costs.").  The

preliminary injunction obtained by Plaintiffs is sufficient to support an award of attorneys' fees.[3]

---

preparing this petition and for other work performed subsequent to the preliminary injunction order.
[3] Plaintiffs recognize that this litigation is not yet complete and that the Court may prefer to wait until after final disposition to determine the appropriate award of attorneys' fees. However,

In *McQueary v. Conway*, 614 F.3d 591 (2010), the Sixth Circuit affirmed that attorneys' fees may be awarded for winning a preliminary injunction, *id.* at 601. Although the determination of whether attorneys' fees should be awarded for a preliminary injunction is necessarily a "contextual and case-specific inquiry," *id.*, the Sixth Circuit has suggested that a fee award is appropriate when the preliminary relief reflects "an unambiguous suggestion of probable success on the merits," *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 753 (6th Cir. 2002) (quoting *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988) (internal quotation marks omitted)); *see also Planned Parenthood Sw. Ohio Region v. DeWine*, No.1:04-cv-00493, 2017 WL 3115306, at *4 (S.D. Ohio July 21, 2017) (citing *Dubuc*). In the instant case, the preliminary injunction was based primarily on Plaintiffs' strong likelihood of success on the merits, as this Court noted that H.B. 214 contravened "crystal clear" federal law. (Order Granting Pls.' Mot. for Prelim. Inj., Doc. 28, at 3). Moreover, Plaintiffs are prevailing parties because they directly benefit from that relief. *See McQueary*, 614 F.3d at 601-02 (considering whether a plaintiff directly benefited from a preliminary injunction ruling as a factor in determining whether a fee award is appropriate). As a result of the Court's ruling, and throughout the pendency of this litigation, Plaintiffs can continue to provide appropriate health care to their patients and honor those patients' rights to make autonomous decisions about their pregnancies.

## II.     THE TIME EXPENDED BY PLAINTIFFS' COUNSEL WAS REASONABLE.

---

Plaintiffs file this motion now, within 45 days of the Court's preliminary injunction decision, in order to preserve their rights under Fed. R. Civ. P. 54(d)(2)(B) (stating that a motion for attorneys' fees must be filed no later than fourteen days "after the entry of judgment" unless otherwise provided) and Local Rule 54.2(a) (stating that a motion for attorneys' fees must be filed no later than forty-five days "after the entry of judgment"). In *American Booksellers Foundation for Free Expression v. Kasich*, No. 3:02-cv-210, 2010 WL 13203009 (S.D. Ohio March 21, 2011), the court stated that a preliminary injunction is a "judgment" within the meaning of Rule 54, *id.* at *3, and therefore that a motion for attorneys' fees must be filed within the prescribed time after the injunction is entered.

To determine a reasonable fee award, a court must ascertain the lodestar amount, that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Time spent litigating the fee issue should also be included in the award. *See Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979).

Here, Plaintiffs request compensation for time reasonably expended, the first element of the lodestar determination. The total time for which compensation is requested to date on this litigation is 71.6 hours for Ms. Hill, 23.1 hours for Ms. Kolbi-Molinas, 22.9 hours for Ms. Cohen, 21.3 hours for Ms. Levenson, 17.4 hours for Ms. Branch, 14.9 hours for Ms. Flaxman, 10.1 hours for Ms. Hyatt, and 5.1 hours for Ms. Bonham. Plaintiffs also request compensation for 7.8 hours of paralegal time.[4] (Declarations of Bonham, Branch, Cohen, Flaxman, Hill, Kolbi-Molinas, Levenson (collectively "Declarations of Counsel")). As explained in the attached declarations, counsel recorded their time contemporaneously and exercised billing judgment, choosing not to seek compensation for minor tasks such as reading and responding to short emails and brief phone conversations with co-counsel. *See* Declarations of Counsel. Plaintiffs also do not seek compensation for some counsel who served in a minor role discussing strategy and reviewing near-final drafts. (Flaxman Declaration; Kolbi-Molinas Declaration)

---

[4] Courts have approved the use of multiple attorneys in complex cases. For example, the Third Circuit upheld awards to multiple counsel in *Planned Parenthood of Central New Jersey v. Attorney General of New Jersey*, 297 F.3d 253, 272 (3d Cir. 2002), a complex abortion case, because "the magnitude of the case mandated the help of numerous attorneys . . . [g]iven the nature of the case, and . . . 'the complexity and specialized medical knowledge necessary for the proper presentation of the case.'" *See also Guam Soc'y of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 695 n.2 (9th Cir. 1996) (court awarded fees to six separate counsel in successful challenge to abortion statute); *Planned Parenthood, Sioux Falls Clinic v. Miller*, 70 F.3d 517 (8th Cir. 1995) (court awarded fees to five lawyers in appeal regarding constitutionality of provisions of abortion statute).

Counsel also divided up the work appropriately. *Cf. Johnson v. Univ. College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983); *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 139 (8th Cir. 1982). Lead counsel Jessie Hill, who represents Preterm-Cleveland, took primary responsibility for researching and drafting the documents in this case. She was able to work efficiently because Ms. Kolbi-Molinas, who also represents Preterm-Cleveland, created initial drafts of the complaint and preliminary injunction brief. This allowed Ms. Hill to complete the documents more quickly. Ms. Branch (who represents PPSWO, Dr. Kade, and Women's Med Group Professional Corporation and serves as local counsel), Ms. Levenson (who represents Preterm-Cleveland) and Ms. Cohen and Ms. Flaxman (who represent PPSWO and PPGOH) lent their expertise and experience in similar litigation to edit the papers in this case as well as to consult on strategy. Ms. Branch and Ms. Cohen also took primary responsibility for gathering facts from, and communicating with, their clients.

Furthermore, in recognition of the possibility of duplication of effort and to ensure the fee award is neither excessive nor a windfall to Plaintiffs' counsel, Plaintiffs have reduced their fee request by ten percent. *See Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 636-37 (6th Cir. 1979) (citation omitted) (endorsing the "essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services" in complicated cases involving multiple lawyers).

All of the attorneys in this case have considerable background, expertise, and skill relevant to this litigation. Their litigation experience ranges from one to forty-two years, and all have been involved in past constitutional challenges to abortion restrictions. This depth of experience allowed counsel to work efficiently and expeditiously to bring this suit and seek

6

preliminary relief within the limited time frame between passage of H.B. 214 and its effective date.

Given the many tasks required of Plaintiffs' counsel in a short period of time to file the case well before the effective date of the Act, the hours expended were more than reasonable. The Ohio law at issue in this case is one of the first such laws in the country. *Planned Parenthood of Ind. & Ky., Inc. v. Commissioner of the Ind. Stat Dep't of Health*, No. 17-3163, 2018 WL 1870566 (7th Cir. Apr. 19, 2018). Plaintiffs were required to support their motion for a preliminary injunction with several declarations, including a lengthy declaration from Dr. Justin Lappen explaining the complex medical and scientific context for H.B. 214. While the expertise and resources of Plaintiffs' attorneys significantly reduced the number of hours that would otherwise have been expended, significant work was still required to prepare the case.

## III. THE HOURLY RATES REQUESTED FOR PLAINTIFFS' COUNSEL ARE REASONABLE.

Plaintiffs request reasonable hourly rates, the second element of the lodestar determination. Plaintiffs are seeking hourly rates of $600 for Ms. Flaxman, $500 for Ms. Branch, $500 for Ms. Levenson, $450 for Ms. Kolbi-Molinas, $400 for Ms. Hill, $400 for Ms. Cohen, $250 for Ms. Bonham, and $235 for Ms. Hyatt. The rates sought by Ohio counsel (Ms. Branch, Ms. Levenson, Ms. Hill, Ms. Bonham, and Ms. Hyatt) are similar to those charged by lawyers at large firms in Cincinnati. The rates sought by the out-of-state attorneys (Ms. Flaxman, Ms. Kolbi-Molinas, and Ms. Cohen) are commensurate with those charged by law firms in New York and D.C. This request is therefore reasonable and should be granted.

Ordinarily, the hourly rates awarded in a fee petition are those from the forum where the case is litigated. The Supreme Court noted in *Blum v. Stenson*, 465 U.S. 886 (1984), that attorneys' fees are to be calculated according to the "prevailing market rates in the relevant

community." 465 U.S. at 895; *see also Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (finding that "'the relevant community'" for fee purposes is "the legal community within that court's territorial jurisdiction"). The goal is to arrive at "an award that *roughly* approximates the fee that the prevailing party would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010).

According to this standard, Ms. Branch, who practices in Cincinnati and was admitted to the bar in 1987, should be awarded her current rate of $500. *See* Branch Declaration. Similarly, the rates requested by the other lawyers are those charged by Cincinnati attorneys with comparable education, expertise, and experience. Ms. Hill, who practices in Cleveland and was admitted to her first state bar in 2000, was awarded a rate of $350 per hour for work in 2016 in a recent Cincinnati case. *Planned Parenthood Sw. Ohio Region v. DeWine*, 2017 WL 3115306 at *8. She now requests $400 per hour due to the additional litigation and other professional experience she has gained since then. Ms. Levenson, who also practices in Cleveland and has been admitted to the Ohio bar since 1990 (but was first began practicing in Chicago, Illinois in 1976), requests $500 per hour. Ms. Bonham, who has practiced in Cleveland since being admitted to the Ohio bar in 2015, requests $250 per hour. Finally, Plaintiffs request $235 for Ms. Hyatt's time spent on the case. As a new attorney admitted to practice in 2017, Ms. Hyatt worked under the direct supervision of Ms. Branch. All of these rates are in line with those that would be charged by attorneys in private practice in Cincinnati. (Branch Declaration) Plaintiffs also request $125 per hour for the hours expended by Ms. Branch's paralegal staff, which is the same rate awarded in *Planned Parenthood Sw. Ohio Region v. DeWine*, 2017 WL 3115306, at *8.

Under Judge Rubin's rubric as well, the rates requested are comparable. The chart below summarizes the current rates compared to Judge Rubin's rubric using 1983 rates calculated for 2018 rates, after applying a 4% annual cost-of-living allowance to measure the reasonableness of the fees requested.  (Branch Declaration).

| Name | Hourly Rate | Year Admitted | Years in Practice | Rubin Rate as of 2018 |
|------|-------------|---------------|-------------------|------------------------|
| Levenson | $500 | 1976 | 42 | 505.90 |
| Branch | $500 | 1987 | 31 | 505.90 |
| Hill | $400 | 2000 | 18 | 445.62 |
| Bonham | $250 | 2015 | 3 | 281.21 |
| Hyatt | $235 | 2017 | 1 | 242.00 |
| Paralegal | $125 | | | 148.18 |

The rates for Ms. Flaxman, Ms. Kolbi-Molinas, and Ms. Cohen are much higher than the Cincinnati market for litigators with comparable years of experience.  However, Mr. Kolbi-Molinas works for the national American Civil Liberties Union (ACLU) in New York, and Ms. Flaxman and Ms. Cohen work for Planned Parenthood Federation of America (PPFA) in New York City (Ms. Cohen) and Washington, D.C. (Ms. Flaxman). All three have developed expertise in reproductive rights law, litigating cases all over the country. It is appropriate to use the market rates in New York and D.C. to determine the reasonableness of their hours.  Indeed, to support the requested rates, Plaintiffs submit declarations by New York Attorney Ann L. Clark, a partner with the firm Vladeck, Raskin & Clark, P.C, and D.C. attorney Kimberly A. Parker, a partner with Wilmer Cutler Pickering Hale and Dorr LLP, both of which were submitted in 2016 in a federal case challenging abortion restrictions in Wisconsin.  (Flaxman Declaration Ex. B; Kolbi-Molinas Declaration Exh. B).  Ms. Flaxman's rate of $600 per hour, Ms. Kolbi-Molinas's rate of $450 per hour, and Ms. Cohen's rate of $400 per hour are

reasonable for attorneys with their level of skill and expertise in the New York, New York and Washington, D.C. markets. *Id.*

Cincinnati market rates should not apply to the ACLU or Planned Parenthood attorneys. The Sixth Circuit has observed that "[w]hen fees are sought for an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (citing *Chrapliwy v. Uniroyal, Inc*., 670 F.2d 760, 768-69 (7th Cir. 1982)). Other circuits have used a similar approach. *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 259-60 (3d Cir. 1995); *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 805 (8th Cir. 1993); *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988); *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983); *Donnell v. United States,* 682 F.2d 240, 252, 220 U.S. App. D.C. 405 (D.C. Cir. 1982). It was reasonable for the Plaintiffs to seek the expertise of the ACLU and PPFA lawyers, which not only improved their chances of success in this important constitutional challenge but also allowed those attorneys to work quickly and efficiently as required in order to obtain preliminary relief in advance of H.B. 214's effective date.

Plaintiffs should, therefore, be awarded the full hourly rates they seek herein.

## IV.    LITIGATION COSTS

Plaintiffs are entitled to an award of costs for expenses that would normally be billed to fee-paying clients. Compensable costs may include filing fees, copy costs, and travel expenses, expert fees, and transcript costs. 42 U.S.C. § 1988 (b); *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624, 639 (6th Cir. 1979) (overruled on other grounds); *See also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party."). Plaintiffs did not incur unnecessary expenses or engage in unnecessary travel in litigating this case; the only expenses for which Plaintiffs seek reimbursement are filing fees. Plaintiffs have incurred a total of $1,000.00 in expenses to date. (See Branch Declaration).

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion for attorneys' fees and costs in the amount sought should be granted.

Dated: April 30, 2018

Respectfully submitted,

/s/ B. Jessie Hill
B. Jessie Hill #0074770
Cooperating Counsel for the ACLU of Ohio
Foundation
ACLU of Ohio
4506 Chester Ave.
Cleveland, OH 44103
(216) 368-0553
(216) 368-2086 (fax)
bjh11@cwru.edu
*Counsel for Plaintiff Preterm*

Alexa Kolbi-Molinas (admission *Pro Hac Vice granted*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
akolbi-molinas@aclu.org
*Counsel for Plaintiff Preterm*

Carrie Y. Flaxman (admission *Pro Hac Vice granted*)
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)
carrie.flaxman@ppfa.org
*Counsel for Plaintiffs Planned Parenthood of Greater Ohio and Planned Parenthood Southwest Ohio Region*

Melissa Cohen (*admission Pro Hac Vice granted*)
Planned Parenthood Federation of America
123 William Street, Floor 9
New York, NY 10038

Jennifer L. Branch # 0038893
*Trial Attorney for Plaintiffs*
Alphonse A. Gerhardstein # 0032053
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 45202
(513) 621-9100
(513) 345-5543 (fax)
agerhardstein@gbfirm.com
jbranch@gbfirm.com
*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Roslyn Kade, M.D., and Women's Med Group Professional Corporation*

(212) 541-7800
(212) 247-6811 (fax)
melissa.cohen@ppfa.org
*Counsel for Plaintiffs Planned*
*Parenthood of Greater Ohio and Planned*
*Parenthood Southwest Ohio Region*

Freda J. Levenson #0045916
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue
Cleveland, OH 44103
(216) 472-2220
(216) 472-2210 (fax)
flevenson@acluohio.org
*Counsel for Plaintiff Preterm*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2018 a copy of the foregoing pleading was filed

electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an

appearance by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice

of Electronic Filing has been served by ordinary U.S. mail and email upon all parties for whom

counsel has not yet entered an appearance electronically, including:


<u>/s/ Jennifer L. Branch</u>
Attorney for Plaintiffs