# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **PRETERM-CLEVELAND, et al.** : | |
| : | |
| **Plaintiffs,** : | Case No. 1:18-cv-109 |
| : | |
| v. : | Judge Timothy S. Black |
| : | |
| **STEPHANIE MCCLOUD, DIRECTOR, et al.** : | |
| : | |
| **Defendants.** : | |

## STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND RESPONSE IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
Assistant Attorney General
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Bridget.Coontz@OhioAGO.gov

*Counsel for Defendants Stephanie McCloud, Kim Rothermel, and Bruce Saferin*

**REPLY**

The State Defendants moved to dismiss this case under Rule 12(c) for a simple reason: the *only* claim that the plaintiffs brought failed as a matter of law under the Sixth Circuit's decision in. *Preterm-Cleveland v. McCloud*, 994 F.3d 512, 535 (6th Cir. 2021) (*en banc*). The plaintiffs (this brief calls them "Preterm") do not disagree. Instead, Preterm says the Court should instead award them relief on a different claim that they never brought: a claim alleging that Ohio's Anti-discrimination Law lacks an exception for abortions necessary to save the life or the health of the mother.

The Court should—indeed, it *must*—enter judgment for the State Defendants, because it lacks jurisdiction to resolve that newly raised claim. As the State already explained, none of the plaintiffs have standing to seek relief on this narrow claim, because they face no credible threat of prosecution for performing an abortion necessary to save a mother's life. State Mem., R.45, PageID#889–90. And even if this Court disagrees with respect to standing, it should still enter judgment for the State Defendants because the claim alleging the lack of a life-or-health exception fails on the merits.

Finally, the Court should deny Preterm's request to hold this case in abeyance pending the Supreme Court's resolution of *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, and *Rutledge v. Little Rock Family Planning Servs.*, No. 20-1434. If the plaintiffs wanted those cases to impact this one, they should have sought *certiorari*, at which point this case could have been consolidated with, or held for, *Dobbs* and *Rutledge*.

1

**ARGUMENT**

I. **The plaintiffs lack standing to raise their health-or-life argument, they forfeited any argument to the contrary, and their claim fails on the merits regardless.**

Preterm now seeks to prevail on a claim that appears nowhere in its complaint: it seeks an injunction forbidding Ohio from applying the Antidiscrimination Law to prohibit an abortion necessary to save a mother's life or health. As the State Defendants already explained, the Antidiscrimination Law does not prohibit such abortions. While the Antidiscrimination Law does not expressly include an exception for abortions necessary to save the health or life of a woman, it did not have to.

For one thing, the law on its terms is not even applicable to such situations. Recall that the Antidiscrimination Law prohibits doctors from intentionally performing or inducing an abortion if they have "knowledge that the pregnant woman is seeking the abortion, in whole or in part, because of" the unborn child's Down syndrome. Ohio Rev. Code §2919.10(B). A woman who *needs* an abortion to save her life or health will not be getting an abortion, even in part, because of the child's Down syndrome. So the law simply does not apply. And even if the statute's language *could be* read to cover such a situation in which woman wants an abortion both because her child has Down syndrome and also to save her life, two important principles of Ohio jurisprudence would require interpreting the law to include a health-or-life exception anyway. *See* State Def's Br., R.46, PageID#887–88. The first is Ohio's strong constitutional-doubt canon, which requires reading statutes, if possible, to avoid placing their constitutionality in doubt. *Bd. of Cnty. Commrs v. Village of Marblehead*, 86 Ohio St.3d 43, 46, 1999-Ohio-80, 711 N.E.2d 663; *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 147, 128 N.E.2d 59 (1955). The second is the rule that "the legislature is presumed to have full knowledge of prior judicial decisions." *Wayt v. DHSC, L.L.C.*, 155 Ohio St.3d 401, 406, 2018-Ohio-4822, 122 N.E.3d 92. Combining these two principles,

Ohio's legislature must be presumed to have passed the Antidiscrimination Law well aware of the rule that *all* abortion restrictions must contain "exceptions for pregnancies [that] endanger the woman's life or health." *Gonzales v. Carhart*, 550 U.S. 124, 145, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007) (quoting *Planned Parenthood v. Casey*, 505 U.S. 833, 846, 112 S.Ct. 2791, 120 L.Ed.2d 674). It would also have been aware of the well-settled rule that the Constitution, and the Supreme Court's interpretations of the Constitution, bind the States. *See Cooper v. Aaron*, 358 U.S. 1, 18, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958). So it would have known that there was no reason to make any such exception expressly—the Constitution would require recognizing one anyway, as in other cases where no such exception is "clearly expressed … on the face of the statute." *Planned Parenthood Assn v. Ashcroft*, 462 U.S. 476, 485 n.8, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983). Finally, the legislature would have been aware of the constitutional-doubt canon. Under that canon, it is at least *possible* to read the Antidiscrimination Law's "because of" language not to encompass abortions motivated by the a woman's need to save her life or health—such abortions would not naturally being motivated, even in part, by the child's Down syndrome. And so the statue must be read to include such an exception.

Preterm does not seriously dispute any of this. Its brief mostly just repeats doctrinal issues that no one disputes—for example, the rule that Supreme Court precedent requires a health-or-life exception.

The real problem for Preterm, however, is that it lacks standing to bring its health-or-life challenge *even if* the statute could be read in the manner it suggests. Plaintiffs have standing to challenge only laws cause them some "personal injury fairly traceable to the defendant's allegedly unlawful conduct." *California v. Texas*, ___ U.S. __, Slip Op. 4, 28 Fla. L. Weekly Fed. S. 869 (2021) (quotation omitted). Here, Preterm (apparently) claims it is being injured by the threat of

future enforcement. But for that to constitute an injury, Preterm must show: (1) that it has "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by" the challenged statute; and (2) that "there exists a credible threat of prosecution" under the challenged statute. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014) (quotation omitted). Even if Preterm can make the first showing, it cannot make the second showing: Ohio has consistently interpreted the Antidiscrimination Law *not* to forbid abortions needed to save a woman's life or health, and Preterm has introduced literally no evidence that there is any threat of prosecution in these circumstances. At this stage, that is fatal; when a plaintiff's claim to standing turns on the threat of future enforcement, the plaintiff must prove *with evidence* that a credible threat exists. *See McKay v. Federspiel*, 823 F.3d 862, 868 (6th Cir. 2016).

Even more fundamentally, Preterm does not address its standing *at all* in the brief it filed. As a result, Preterm forfeited its argument for standing. *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006). While courts "are obliged to examine standing *sua sponte* where standing has erroneously been assumed below," they "do not examine standing *sua sponte* simply to reach an issue for which standing has been *denied* below." *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110, 122 S.Ct. 511, 151 L.Ed.2d 489 (2001) (*per curiam*). Thus, while defendants cannot forfeit an argument showing a *lack* of standing, plaintiffs can forfeit an argument that they *have* standing. *Id*. Here, Preterm forfeited its argument by failing to raise it.

\*

In sum, the Court lacks standing over Preterm's sole remaining claim, which in any event fails on the merits. This Court must therefore dismiss that claim.

4

One final point: Preterm criticizes Ohio for refusing to enter a stipulation declaring the Antidiscrimination Law inapplicable to abortions needed to save the life or health of a mother. Preterm Br., R.48, PageID#899. Ohio did not enter that stipulation, and will not enter any stipulation, because it does not have to: the law already says what Preterm would like it to say and Preterm lacks standing to sue, regardless. The State of Ohio is not in the habit of needlessly subjecting itself to judicially enforceable stipulations in any context.

**II.    The Court should not hold this case pending the resolution of *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, and *Rutledge v. Little Rock Family Planning Servs.*, No. 20-1434.**

There is no reason to hold this case in abeyance and the Court should deny Preterm's request to do so pending the resolution of *Dobbs v. Jackson Women's Health Organization*, No. 19-1392 (U.S.), and *Rutledge v. Little Rock Family Planning Servs.*, No. 20-1434 (U.S.). A request to hold a case in abeyance is a request for a form of equitable relief. *See Cornett v. AVCO Fin. Servs.*, 792 F.2d 447, 450 (4th Cir.1986). And equitable relief is not available only to those who, despite their diligent efforts, need such relief. *S. Pacific Co. v. Bogert*, 250 U.S. 483, 500, 39 S. Ct. 533, 540, 63 L.Ed. 1099 (1919). Preterm needs no such relief: if it thinks *Dobbs* or *Rutledge* will impact this case, it still has time to petition for *certiorari*, where it can ask the Supreme Court to hold this case for the resolution of those cases.

**III.   Plaintiffs are not entitled to a preliminary injunction where, as here, their claims fail as a matter of law.**

Finally, to the extent that Preterm's passing requests for a preliminary injunction are construed to be a motion, it too should be denied. Preterm Br., R.48, PageID#916, fn.2; PAGEID#925. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*NRDC, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). As to the first factor, a plaintiff must establish a "strong" likelihood of success, *Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir.2012) (quotation omitted); a mere "possib[ility]" of success does not suffice, *Summit Cty. Democratic Cent. & Executive Commt. v. Blackwell*, 388 F.3d 547, 551 (6th Cir.2004). Similarly, the plaintiff must show a likelihood, not just a possibility, of irreparable injury. *Winter*, 555 U.S. at 22.

Preterm cannot succeed on the merits of a claim that it lacks standing to bring. Nor can it prove that it will suffer any harm—much less that which is irreparable—when its inability to establish harm is the reason that very reason that it lacks standing. Preterm cannot, and has not, met its burden of proving that it is entitled to a preliminary injunction and its request for one should be denied.

## CONCLUSION

For the reasons explained above, the State Defendants respectfully move this Court to enter judgment for the defendants under Rule 12(c).

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Bridget C. Coontz*
    BRIDGET C. COONTZ (0072919)
    Assistant Attorney General
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: 614-466-2872 | Fax: 614-728-7592
    Bridget.Coontz@OhioAGO.gov

    *Counsel for Defendants Stephanie McCloud, Kim Rothermel, and Bruce Saferin*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, the foregoing *Reply in Support of Motion for Judgment on the Pleadings and Response in Support of Cross-Motion for Judgment on the Pleadings* was filed electronically. Notice of the filing was sent to all parties by operation of the Court's electronic filing system.

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
Assistant Attorney General
